**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED DONALDSON,<br><br>Defendant. | Criminal Action No. 19-672 (GC)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the First Step Act) filed by Defendant Alfred Donaldson on April 8, 2024. (ECF No. 33.) The Court has carefully considered Defendant's submission and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons stated herein, and other good cause shown, Defendant's Motion is **DENIED** without prejudice.

### I. BACKGROUND

#### A. The Offenses

On September 24, 2019, Defendant pled guilty to one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and one count of possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 17.)

On November 17, 2019, Defendant was sentenced to a prison term of 100 months and committed to the custody of the United States Bureau of Prisons. (ECF No. 29.) Defendant, who is now forty-two years old, is incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania and is projected to be released on May 11, 2026.[1]

### B. Motion for Compassionate Release

On April 8, 2024, Defendant filed his Motion for Compassionate Release under the First Step Act. (ECF No. 33.) Defendant does not provide any supporting documentation. According to Defendant, there are "extraordinary and compelling reasons" for his release. (*Id.* at 2.) Specifically, Defendant contends that in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g), violated his Second Amendment right because he is a non-violent felon. (ECF. No. 33.)

## II. LEGAL STANDARD

A district court generally has limited authority to modify a federally imposed sentence once it commences. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (noting that a sentence of imprisonment "may not be modified by a district court except in limited circumstances"). However, the First Step Act permits courts to grant compassionate release when there are "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act was passed in December 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018), and enables defendants to file motions for compassionate release on their own behalf. Before the First Step Act, the Bureau of Prisons (BOP) was the "sole arbiter of compassionate

---

[1] *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited November 26, 2024).

release motions." *See United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020). Although BOP still has "the first opportunity to decide a compassionate release motion, and may still bring a motion on a defendant's behalf," a defendant now "has recourse [by filing a motion in federal court] if BOP either declines to support or fails to act on that defendant's motion." *Id.*; 18 U.S.C. § 3582(c)(1)(A).

Once the First Step Act's procedural prerequisites are satisfied, a district court may reduce a defendant's sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Burd*, Crim. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

### III. DISCUSSION

#### A. Procedural Prerequisites

The procedural prerequisites for judicial review of compassionate release motions are relatively straightforward. Before making such requests to the sentencing court, "the defendant must fully exhaust administrative remedies within the [Bureau of Prisons] or wait 30 days from the date the facility's warden receives defendant's request, whichever happens first." *United States v. Alston*, Crim. No. 03-844, 2023 WL 2238297, at *2 (D.N.J. Feb. 27, 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). The burden is on the defendant to demonstrate that he satisfied this procedural prerequisite for judicial review. *United States v. McNair*, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) (quoting *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)). A defendant's noncompliance with section 3582(c)(1)(A)'s exhaustion requirement

"presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant does not support his Motion for Compassionate Release with any proof that he exhausted his administrative remedies. To the contrary, Defendant makes no reference to the exhaustion requirement. (*See* ECF No. 33.) The Court thus finds that Defendant has failed to meet his burden of proof that he exhausted all administrative remedies. *See, e.g.*, *United States v. Leavy*, 2023 WL 2931946, at *1 (W.D. Pa. Apr. 13, 2023) (denying the defendant's motion for compassionate release on the basis that the defendant failed to meet his burden of proof that he exhausted all administrative remedies); *United States v. Thomas*, 2020 WL 6737872, at *1 (N.D. Tx. Nov. 16, 2020) (holding that the defendant did not comply with the administrative exhaustion requirement because he failed to attach proof of his electronic request to the warden). On this basis, the Court will deny Defendant's motion. *See United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *3 (D.N.J. Apr. 9, 2020) (noting that "the Third Circuit's strong language regarding exhaustion leaves no wiggle room" (citing *Raia*, 954 F.3d 594)).

The Court's denial is without prejudice to Defendant bringing a properly supported Motion for Compassionate Release after he exhausts his administrative remedies.

### IV.   CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 2nd day of December, 2024 Ordered as follows:

1. Defendant's Motion for Compassionate Release (ECF No. 33) is **DENIED** without prejudice.

2. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 33.

3. Defendant may re-file his Motion for Compassionate Relief upon his exhaustion of administrative remedies.

*Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**